**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

UNITED STATES TELESIS, INC.
5023 North Parkway Calabasas
Calabasas, CA 91302

Plaintiff,

v.

NEIL S. ENDE
5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015

TECHNOLOGY LAW GROUP, LLC
5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015

Defendants.

Civil Action No.

JURY DEMAND

RECEIVED
Civil Clerk's Office

NOV 30 2012

Superior Court of the
District of Columbia
Washington, D.C.

0009023-12

**COMPLAINT**

## I.   <u>INTRODUCTION</u>

1.    Plaintiff UNITED STATES TELESIS, INC. ("UST") brings this action for legal malpractice, negligence, and breach of fiduciary duty against Defendants attorney NEIL S. ENDE, and his law firm TECHNOLOGY LAW GROUP, LLC (collectively, "TLG").

2.    This action arises out of TLG's representation of UST in the lawsuit styled as *Star Direct Telecom, Inc., et al. v. Global Crossing Bandwidth, Inc., et al.*, United States District Court for the Western District of New York Case No. 6:05-cv-06734-MAT-MWP (the "Underlying Case"). The Underlying Case is still pending and no final judgment has issued.

**EXHIBIT**

A

## II.    JURISDICTION

3.    This Court has jurisdiction pursuant to section 11-921(a) of the District of Columbia Official Code.

## III.    PARTIES

4.    Plaintiff UNITED STATES TELESIS, INC. is a California corporation with a primary place of business in Los Angeles County, California. UST is a plaintiff and a counter-defendant in the Underlying Case. UST entered into a representation agreement with the attorney and law firm defendants, which representation agreement includes a District of Columbia forum selection clause.

5.    Defendant NEIL S. ENDE is an attorney licensed to practice law in the District of Columbia and with a primary place of business in the District of Columbia. Mr. Ende was counsel of record for UST in the Underlying Case.

6.    On information and belief, Defendant TECHNOLOGY LAW GROUP, LLC is a Virginia limited liability company with a primary place of business in the District of Columbia. Defendant attorney Ende practices law under his business entity Technology Law Group and is its registered agent for service of process.

## IV.    FACTUAL BACKGROUND

### A.    UST Retains TLG As Attorneys

7.    TLG was retained by UST to pursue the Underlying Case by a retainer agreement dated December 2, 2005 (the "Agreement"). The Agreement is attached to this complaint.

8.    TLG's scope of representation under the Agreement was to provide legal services to UST "in connection with the lawsuit to be filed and prosecuted against Global

2

Crossing Bandwidth, LP" ("Global Crossing"). The Agreement did not state the causes of action and did not provide any express limitation on the scope of representation.

9.    In inducing UST to enter into the Agreement, TLG held itself out as an expert in disputes such as the one between UST and Global Crossing. The Agreement specified, "U.S. TELESIS ACKNOWLEDGES, UNDERSTANDS AND AGREES THAT TLG HAS BEEN RETAINED FOR ITS EXPERTISE IN TELECOMMUNICATIONS ISSUES" and disclaimed knowledge on the part of TLG of the law of any state other than the District of Columbia.

### B.    Facts Giving Rise to the Underlying Case

10.    The lawsuit contemplated by the Agreement, which would become the Underlying Case, arose out of UST's and third party Star Direct Telecom, Inc.'s ("Star Direct's") respective carrier agreements with Global Crossing, and a subsequent agreement between all the parties in 2004, known as the "Concurrence Agreement." Both UST and Star Direct provide telecommunications services to their customers. Of particular importance here, UST provided telephone access to the United Kingdom market for automated call placement on behalf of its customers. Star Direct's carrier agreement with Global Crossing had preferable rates for UK connectivity. In 2004, Star Direct agreed to transfer its account to UST, with Global Crossing's consent via the Concurrence Agreement. The Concurrence Agreement specifically stated that Star Direct's rates and usage would be transferred to UST's account, and UST would be credited for Star Direct's usage against UST's minimum usage requirements.

11.    The Concurrence Agreement did not require that UST be liable for any of Star Direct's obligations to Global Crossing.

3

12.     Global Crossing completely failed to effectuate the purposes of the Concurrence Agreement and failed to properly account for the usage, minimum usage, and payments of account. In fact, Global Crossing unilaterally cut off UST's access to the UK market without warning and forced UST to seek alternative connections for its customers, resulting in substantial loss of revenue and increased cost and lost business opportunities as UST was unable to find comparable rates from any other carrier.

### C.     TLG Files Suit Against Global Crossing on UST's Behalf

13.     Under the Agreement between UST and TLG, TLG was to file a lawsuit against Global Crossing for breaching the UST carrier agreement and the Concurrence Agreement for the actual losses caused by UST's loss of service from Global Crossing and the consequential damages resulting therefrom.

14.     Star Direct was clearly going to be represented by TLG in addition to UST in the Underlying Case. The Agreement included references to Star Direct and all parties understood that Star Direct had claims against Global Crossing. However, the Agreement did not address the issue of conflicts of interest among jointly represented parties and did not inform UST about its rights and potential risks with regard to a conflict of interest waiver, or the repercussions of an actual conflict, should one arise, between UST and Star Direct. Neither did TLG provide a separate document with a waiver of conflict disclosure and consent to UST. UST did not receive any disclosures from TLG regarding any actual or potential conflict of interest with Star Direct or the consequences of TLG's simultaneous representation of both UST and Star Direct. UST did not provide TLG informed consent to waive the conflict of interest between UST and Star Direct at any time, whether in writing or otherwise.

4

15.    On December 20, 2005, TLG filed the complaint in the Underlying Case against Global Crossing. The complaint identified both UST and Star Direct as plaintiffs and regarded them as essentially the same entity, while asserting some causes of action separately on their respective behalfs. (Though the complaint erroneously indicates that several of the separately alleged causes of action are "as against" the party asserting the claims.) In practice, TLG failed to regard UST and Star Direct as separate parties, and litigated the case without regard for distinctions in the legal rights—including specific defenses—between them.

16.    On February 21, 2007, Global Crossing filed counterclaims against both UST and Star Direct alleging breach of the carrier agreements, and specifically alleging that UST was required to pay obligations of Star Direct beyond the services provided after the Concurrence Agreement.

17.    During the pendency of its representation of UST in the Underlying Case, TLG failed to communicate with UST about any matters in the Underlying Case, communicating instead with its favored client Star Direct and taking direction from Star Direct, all the while billing UST for legal fees incurred on behalf of both Star Direct and TLG.

18.    In 2009, TLG petitioned the court in the Underlying Case to be relieved as counsel on the basis that UST and/or Star Direct could not pay its bills. The court in the Underlying Case granted TLG's motion on September 10, 2009.

D.    UST Discovers TLG's Malpractice

19.    As discovered by UST after November 30, 2009, TLG represented UST simultaneously with Star Direct while there was an actual, unwaived conflict of interest

between UST and Star Direct. This fact was only discovered by UST after its subsequent counsel in the Underlying Case was served with Global Crossing's summary judgment motion on November 30, 2009. The conflict of interest was explained to UST by its subsequent counsel after receiving the summary judgment papers on November 30, 2009. This communication with UST's subsequent counsel marked the first time that UST was informed about the specific allegations against it or the procedural posture of the Underlying Case.

20.     There was an actual conflict of interest between Star Direct and UST because UST had defenses to Global Crossing's counterclaims that Star Direct did not have. TLG litigated the Underlying Case as though both parties were in the same shoes as its favored client Star Direct, without regard for the fact that only Star Direct was a party to the Star Direct carrier agreement, and UST lacked contractual privity with the Cross-Complainant in the Underlying Case.

21.     TLG failed to respond to discovery in the Underlying Case and failed to communicate with UST about documents requested in the Underlying Case. These failures include, but are not limited to, the failure to produce evidence that UST incurred higher costs for UK connectivity when it was forced to find an alternative carrier on short notice following Global Crossing's breach. The evidence of UST's damages due to increased cost was easy to provide and definitive—invoices and proof of payment for the alternative services UST was forced to utilize. TLG never asked UST to provide these documents for production in the Underlying Case.

22.     The failure of TLG to produce documents evidencing UST's damages due to utilizing the services of a higher cost carrier resulted in discovery sanctions in the

Underlying Case ordered on August 26, 2010, barring the presentation of evidence of UST's damages in the Underlying Case.

23.    TLG failed to diligently pursue discovery against Global Crossing. At a minimum, TLG failed to pursue discovery of extensive email evidence Global Crossing admitted it had, but did not produce. TLG failed to request or seek court orders for production of Global Crossing's email and it was destroyed. The email that was destroyed included the communications at the root of UST's dispute with Global Crossing, such as Global Crossing's internal communications regarding how to handle the UST and Star Direct accounts and the Concurrence Agreement. On March 22, 2012, the court in the Underlying Case issued monetary sanctions against Global Crossing for spoliation of evidence, but the evidence itself has been lost.

24.    TLG failed to properly plead for consequential damages or punitive damages and failed to properly support damages claims for lost profits in the Underlying Case. The carrier agreements alleged to be breached in the Underlying Case include liability limitations in favor of Global Crossing. The liability limitations preclude recovery for consequential or punitive damages as a result of Global Crossing's breach. Despite knowledge of this fact, TLG only pled breach of contract claims, a variety of statutory claims based on public utility laws, and a handful of misrepresentation claims including cursory allegations that Global Crossing's misrepresentations were "grossly negligent." TLG failed to plead any cause of action separately alleging gross negligence or other claims regarding malfeasance in the performance of Global Crossing's contractual duties—which were imminently provable—such that the liability limitations would be set aside.

7

25.   The failure of TLG to properly handle UST's damages claims for lost profits resulted in an order in the Underlying Case on September 28, 2012 barring the presentation of expert testimony on lost profits suffered by UST.

26.   In addition, TLG overbilled UST for routine and clerical work in the Underlying Case.  TLG billed UST for dozens of tasks amounting to hundreds of hours for legal research and extensive internal conferencing regarding basic matters of law and procedure.  TLG billed UST for clerical tasks including extensive time for "organizing" exhibits and other non-professional tasks.  At no time did TLG consult with UST regarding the charges that were billed, the necessity of the work TLG was performing, or any other issue related to attorneys' fees, costs, or expert fees.

27.   TLG refused to provide bills accounting for attorney time to UST as requested by UST's subsequent counsel in the Underlying Case.  Instead, apparently as a ruse to permit it to withdraw from the Underlying Case, TLG merely demanded payment of sums unsupported by actual billing, and threatened to withdraw and sue UST for the shortfall if it failed to comply.  TLG ultimately followed through with its threat to withdraw.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Legal Malpractice

28.   Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though set forth herein in their entirety.

29.   Defendants owed a duty to UST to exercise reasonable care and professional prudence in conformity with the standard of care for similarly situated

8

attorneys as well as a general duty to take reasonable steps to avoid reasonably foreseeable risks in the litigation of the Underlying Case.

30.     Defendants breached their duties to UST by failing to act in conformance with the applicable standard of care as set forth above.

31.     As a direct result of the negligent acts and omissions by Defendants stated herein, UST has suffered and continues to suffer substantial losses in the form of attorneys fees paid to Defendants, the increased cost of business it was forced to undertake as a result of Global Crossing's breaches, and lost profits and business opportunities as a result of Global Crossing's breaches, the precise amount of which will be proven at trial.

## SECOND CAUSE OF ACTION

### Negligence

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though set forth herein in their entirety.

33.     At all times relevant herein, Defendants owed duties to UST to properly conduct its representation of UST, to do all that which was reasonably required of Defendants to fulfill their obligations consistent with the scope of representation set forth in the Agreement, to take all reasonable steps to avoid exposing UST to foreseeable unnecessary risks, and to fulfill all duties owed by Defendants to UST by operation of law or the ethical rules.

34.     Defendants breached their duties to UST by failing to properly conduct the Underlying Case and related matters as set forth above.

9

35.     As a direct result of the negligent acts and omissions by Defendants stated herein, UST has suffered and continues to suffer substantial losses in the form of attorneys fees paid to Defendants, the increased cost of business it was forced to undertake as a result of Global Crossing's breaches, and lost profits and business opportunities as a result of Global Crossing's breaches, the precise amount of which will be proven at trial.

### THIRD CAUSE OF ACTION

#### Breach of Fiduciary Duty

36.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as though set forth herein in their entirety.

37.     Defendants owed certain fiduciary duties to UST as its attorneys in the Underlying Case. Such duties include, but are not limited to, a duty to act at all times in good faith and in UST's best interests; a duty to, among other things, perform the services for which they were retained with reasonable care and skill; a duty to act in UST's highest and best interests at all times; and a duty to not expose UST to any unnecessary risk or peril. This fiduciary and confidential relationship was never repudiated by Defendants at any time relevant hereto.

38.     Defendants breached their fiduciary duties to UST by failing to exercise reasonable care, skill, and diligence in performing the services for which they were retained, and putting the interests of Defendants ahead of the interests of UST. The failure of Defendants to exercise reasonable care, skill and diligence include, but are not limited to, those acts and omissions set forth above.

39.   In addition Defendants breached their fiduciary duties to UST by misrepresenting their expertise and abilities in order to induce UST to enter into the Agreement with Defendants.

40.   As a direct result of the breaches of fiduciary duties by Defendants stated herein, UST has suffered and continues to suffer substantial losses in the form of attorneys fees paid to Defendants, the increased cost of business it was forced to undertake as a result of Global Crossing's breaches, and lost profits and business opportunities as a result of Global Crossing's breaches, the precise amount of which will be proven at trial.

41.   The conduct of Defendants was willful, wanton, malicious, and despicable and subjected UST to cruel and unjust hardship in conscious disregard of its rights. Defendants' conduct was such that UST is entitled to exemplary damages to punish Defendants and deter future similar harms.

## VI.   PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1.   For special damages according to proof at trial, but in no event less than $10,000,000;

2.   For forfeiture and disgorgement of all fees paid by UST to Defendants in connection with the Underlying Case;

3.   For consequential damages in an amount according to proof;

4.   For exemplary damages in an amount sufficient to punish Defendants and to deter future wrongful conduct of the kind complained of herein;

5.   For reasonable attorneys' fees pursuant to contract;

11

6.   For prejudgment interest;

7.   For costs of suit incurred herein; and

8.   For such further or other relief as the Court deems just and proper.

Date: 11/28/2012

By: _____

Joshua R. Furman, *Pro Hac Vice
Pending*
JOSHUA R. FURMAN LAW CORP.
10940 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024
(310) 295-0404 (T)
(310) 295-0405 (F)
jrf@furmanlawyers.com

_____

Eric L. Yaffe (Bar No. 412411) 439750
Julia C. Colarusso (Bar No. 1010466)
GRAY PLANT MOOTY MOOTY &
BENNETT, P.A.
600 New Hampshire Avenue, N.W.
Suite 700
Washington, D.C.  20037
(202) 295-2200 (T)
(202) 295-2250 (F)
eric.yaffe@gpmlaw.com
julia.colarusso@gpmlaw.com

*Attorneys for Plaintiff,*
United States Telesis, Inc.

12

### DEMAND FOR JURY TRIAL

Plaintiff United States Telesis, Inc. hereby demands trial by jury.

Date: 11/29/2012

By: _____

Joshua R. Furman, *Pro Hac Vice*
Pending
JOSHUA R. FURMAN LAW CORP.
10940 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024
(310) 295-0404 (T)
(310) 295-0405 (F)
jrf@furmanlawyers.com

Eric L. Yaffe (Bar No. 41241)
Julia C. Colarusso (Bar No. 1010466)
GRAY PLANT MOOTY MOOTY &
  BENNETT, P.A.
600 New Hampshire Avenue, N.W.
Suite 700
Washington, D.C. 20037
(202) 295-2200 (T)
(202) 295-2250 (F)
eric.yaffe@gpmlaw.com
julia.colarusso@gpmlaw.com

*Attorneys for Plaintiff,*
United States Telesis, Inc.

13

# Technology Law Group, L.L.C.℠

5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015

202-895-1707
FACSIMILE 202-244-8257
EMAIL nende@tlgdc.com

NEIL S. ENDE, ESQ.

December 2, 2005

*Via Email*

**Jeffrey Daniels**
**President**
**U.S. Telesis, Inc.**
**200 N. Westlake Blvd.**
**Suite 104**
**Westlake Village, CA 91362**

                              Re:    *Retainer*
                                     *Litigation Services for U.S. Telesis, Inc.*

Dear Jeff:

I am pleased that U.S. Telesis, Inc. ("U.S. Telesis") has decided to retain Technology Law Group, L.L.C.℠ ("TLG") to provide legal services in connection with the lawsuit to be filed and prosecuted against Global Crossing Bandwidth, LP.. As you may know, attorneys are required by the bar to have an agreement with their clients setting forth the terms and conditions under which legal representation and services will be. This letter sets forth those terms and conditions with respect to the referenced litigation and shall supersede all prior discussions, negotiations and agreements, including without limitation, any flat fee service arrangements between the parties.

Services will be provided on an hourly basis. My rate for providing litigation services in litigation matters is Three Hundred Sixty Five Dollars ($365) per hour. Senior associate time in support of this effort will be provided at Two Hundred Ninety Five Dollars ($295) per hour; junior associate time will be provided at Two Hundred Fifty Five Dollars ($255) per hour. All fees and costs described herein will be the joint and several liability of each of you. Our fees are subject to change upon thirty (30) days prior written notice.

# Technology Law Group, L.L.C.™

Jeffrey Daniels                          Jeffrey Daniels
President                                President
U.S. Telesis, Inc.                       Star Direct Telecom, Inc.
December 5, 2005

Page 2

    In accordance with firm policy, before work can commence on any litigation matter, it is necessary for you provide TLG with a retainer against its expected fees and expenses. Our normal litigation retainer is Twenty Five Thousand Dollars ($25,000.00) for cases involving a single client. However, due to our longstanding relationship, in this instance, and in consideration of the payment arrangements set forth below, we are prepared to proceed with a retainer in the amount of Five Thousand Dollars ($5,000.00). Funds should be wired to TLG's escrow account as follows: Wachovia Bank, ABA # 051400549, For the credit of Technology Law Group, LLC, Account # 2000014689392, or by overnight mail to the following billing address: Technology Law Group, LLC, 5335 Wisconsin Avenue, Suite 440, Washington, DC 20015. The full amount of the retainer deposit will be held in our escrow account for the duration of our relationship and may be drawn against as necessary to pay balances due on your TLG account. TLG reserves the right to require that the retainer be increased to reflect expected billing for the services being provided or replenished against any required withdrawals before additional services will be provided. Any retainer funds remaining in the escrow account (net of amounts owed) at the close of our work on this will be returned to you promptly or, at your option, applied against the retainer required for additional services on this matter.

    Out-of-pocket expenses, such as photocopying, overnight delivery, postage, telephone, travel and online services are in addition to legal fees and will be passed through to you at our cost. Due to the significantly reduced retainer, bills for hourly fees and expenses may be rendered twice monthly, as deemed necessary in TLG's discretion, or monthly, and in either event are payable within five (5) days of the date appearing on the invoice. TLG reserves the right to require advance payment of all expenses.

    Failure to make timely payments of sums due hereunder, or to replenish the retainer as required, shall constitute a breach of this agreement. Upon breach, which is not cured within three (3) days of written notice to you, TLG shall have the right to immediately cease providing any additional expert services. In such circumstances, TLG shall also have the right to avail itself of all available rights at law or equity. This agreement shall be interpreted under the laws of the District of Columbia and all claims hereunder shall be heard exclusively in the courts of the District of Columbia. TLG shall be entitled to recover the reasonable attorney's fees and expenses incurred in enforcing the terms of this agreement.

    **U.S. TELESIS ACKNOWLEDGES, UNDERSTANDS AND AGREES THAT TLG HAS BEEN RETAINED FOR ITS EXPERTISE IN TELECOMMUNICATIONS ISSUES AND THAT IT IS NOT HOLDING ITSELF OUT AS QUALIFIED IN THE LAWS OF ANY STATE OTHER THAN THE DISTRICT OF COLUMBIA, WHERE TLG ATTORNEYS ARE MEMBERS OF THE BAR.**

# Technology Law Group, L.L.C. ℠

Jeffrey Daniels
President
U.S. Telesis, Inc.
December 5, 2005

Jeffrey Daniels
President
Star Direct Telecom, Inc.

Page 3


Should this case proceed to a judgment or be resolved through a settlement between the parties in which U.S. Telesis receives compensation, U.S. Telesis agrees to have the judgment or settlement amount paid directly to TLG's escrow account. TLG shall have the right to pay from that account all amounts due and owing, net of any remaining retainer deposit, first and then to disperse the remaining balance as you instruct.

To signify your agreement to the terms set forth herein, please sign this letter and return it to me by facsimile. By signing below, you represent that you have the authority to bind U.S. Telesis to each of the agreements reached herein, that facsimile copies of this retainer agreement shall be fully enforceable to the same extent as originals, and that the approval of third parties is not required to perfect your authority.

We look forward to working with you on this matter.

Very truly yours,
*Technology Law Group, L.L.C.*

Neil S. Ende

NSE/hs

ACKNOWLEDGED AND AGREED:
U.S. TELESIS, INC.

y By: _____
Jeffrey Daniels

Dated:



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

UNITED STATES TELESIS, INC.
_____
                                    Plaintiff

                vs.                                    Case Number $0009023-12$

TECHNOLOGY LAW GROUP, LLC
_____
                                    Defendant

### SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Eric L. Yaffe
_____                    _Clerk of the Court_
Name of Plaintiff's Attorney
Gray, Plant, Mooty, Mooty & Bennett, P.A.
600 New Hampshire Avenue, N.W., Suite 700                    By _Adrienne J. Marsh_____
Address                                                                         Deputy Clerk
Washington, D.C. 20037

(202) 295-2200                                                    Date ___11/30/2012_____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요        የትርጉም እርዳታ ለማግኘት (202) 879-4828 ይደውሉ

      **IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

---

Demandante

contra

Número de Caso: _____

---

Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____

Dirección _____                    Subsecretario

_____

Teléfono                                          Fecha

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오        የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

United States Telesis, Inc.
_____
_Plaintiff(s)_

v.                                           Case No: _2012 CA 009023 M_____

Neil S. Ende, Technology Law Group
_____
_Defendant(s)_

### NOTICE

To (insert name and address of the party to be served):
Technology Law Group, LLC

5335 Wisconsin Avenue NW
Suite 440
Washington, DC 20015

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): December 6, 2012 .

_____                          December 6, 2012
_Signature_                                       _Date of Signature_

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____          _____          _____
_Signature_                      _Relationship to Defendant/Authority_   _Date of Signature_
                                 _to Receive Service_

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828          የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ          번역을 원하시면, (202) 879-4828 로 전화주십시요



Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

United States Telesis, Inc.
_____
*Plaintiff(s)*

v.                                                              Case No: _2012 CA 009023 M___

Neil S. Ende, Technology Law Group
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
Technology Law Group, LLC
_5335 Wisconsin Avenue NW_____
Suite 440_____
Washington, DC 20015_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): December 6, 2012_____.

_____                    December 6, 2012_____
*Signature*                                        *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____        _____  _____
*Signature*                    *Relationship to Defendant/Authority   Date of Signature*
                               *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ        번역을 원하시면, (202) 879-4828 로 전화주십시요



Form CA 1-A: Notice and Acknowledgment for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

United States Telesis, Inc.
_____
*Plaintiff(s)*

v.                                          Case No: __2012 CA 009023 M__

Neil S. Ende, Technology Law Group
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):

Neil S. Ende
_____
5335 Wisconsin Avenue NW
_____
Suite 440
_____
Washington, DC  20015

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): __December 6, 2012__ .

_____                    December 6, 2012
*Signature*                                  _____
                                             *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____          _____   _____
*Signature*                        *Relationship to Defendant/Authority   Date of Signature*
                                   *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828
Để có một bài dịch, hãy gọi (202) 879-4828

如需翻译,请打电话 (202) 879-4828
የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Veuillez appeler au (202) 879-4828 pour une traduction
번역을 원하시면, (202) 879-4828 로 전화주십시요