# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                           |   |                             |
|-------------------------------------------|---|-----------------------------|
| **UNITED STATES TELESIS, INC.,**          | ) |                             |
|                      Plaintiff,           | ) |                             |
|              v.                           | ) | Civil No. 13-cv-15 (RCL)    |
| **NEIL S. ENDE, et al.,**                 | ) |                             |
|                      Defendants.          | ) |                             |

## MEMORANDUM OPINION

Plaintiff United States Telesis, Inc. ("UST") seeks damages for alleged legal malpractice, negligence and breach of fiduciary duty by Neil S. Ende and his law firm Technology Law Group LLC ("TLG") arising out of TLG's representation of UST in a 2005 civil case. UST alleges that TLG failed to take reasonable steps to avoid reasonably foreseeable risks in the underlying case, that TLG was negligent in representing UST, and that TLG breached its fiduciary duties owed to UST, including TLG's duty to act in good faith and in UST's best interest.

Upon consideration of the filings and the relevant law, the defendants' Motion to Dismiss will be denied without prejudice. The plaintiff's Motion for an Extension of Time to file an amended complaint will be granted *nunc pro tunc* and motion to proceed in the alternative without local counsel will be denied as moot. Finally, the defendants' motion to strike the Amended Complaint will be denied.

I.   **BACKGROUND**

On November 30, 2012, UST filed a Complaint in the Superior Court of the District of Columbia. The Complaint alleges three causes of action against defendants, Ende and TLG, including legal malpractice, negligence, and breach of fiduciary duty for which it seeks $10,000,000,000 in damages. On January 7, 2013, the case was removed to this Court on diversity jurisdiction grounds. Notice of Removal, ECF No. 1. Ende and TLG moved to dismiss the Complaint on January 14, 2013. Defs. Mot. Dismiss, ECF No. 4. On January 31, 2013, UST informed Ende and TLG that its local counsel wished to be substituted out and that it would be asking for an additional 30 days time to file an amended complaint. Mem. Opp'n. Motion Treat Conceded Defs'. Motion Dismiss, February 4, 2013, ECF No. 8, 2. On February 1, 2013, defendants Ende and TLG moved to treat the motion to dismiss as conceded on grounds that UST had not filed an opposition in pursuant to Local Civil Rule 7(b). Mot. Treat Mot. Dismiss Conceded, ECF No. 7. On February 4, 2013, UST filed an opposition and on February 5, 2013, filed a Motion for Extension of Time Or in the Alternative to Proceed Without Local Counsel. Pl.'s Opp'n., ECF No. 8; Pl.'s Motion Extension of Time, ECF No. 14. UST filed an amended complaint on April 8, 2013, and the defendants moved to strike the Amended Complaint on April 9, 2013. Am. Compl., ECF No. 20.; Mot. Strike Am. Compl., ECF No.21.

II.  **LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss is appropriate when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a failure occurs when the complaint is so factually deficient that the plaintiff's claim for relief is not plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the right to relief]." *Id.* at 556. Though facts in a complaint need not be detailed, Rule 8 "demands more than an unadorned, the-defendant-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all factual statements as true when deciding a Rule 12(b)(6) motion to dismiss. *Id.* at 678. However, conclusory legal allegations devoid of any factual support do not enjoy the same presumption of truth. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

### A. Denial of Motion to Treat Motion to Dismiss as Conceded

Local Civil Rule 7(b) requires that an opposition to a motion shall be filed within 14 days of the date of service or at such other time as directed by the Court.[1] The local rule also states that a party's failure to file an opposition *may* be treated as a concession of the motion. *See* LCvR 7(b). The district court has sole discretion in the decision to enforce the rule. *See FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997). The district court may decline to exercise its discretion to treat the motion as conceded and act on the merits. *See, e.g.*, *Twelve John Does v. District of Columbia*, 111 F.3d 571, 578 (D.C. Cir. 1997). *Cf Fox v. American Airlines*, 389 F.3d 1291 (D.C. Cir. 2004) (upholding district court's grant of motion to dismiss as conceded because plaintiffs did not file *any* opposition); *Bell v. Redding*, 539 F. Supp. 2d 423, 424 (D.D.C.

---

[1] To lessen confusion given the discussion of Local Rule 108(b) in authorities, note that Local Rule 7(b)'s predecessor was Local Rule 108(b) which stated that within "11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." *Fox v. American Airlines, Inc.*, 389 F.3d 1291 (D.C. Cir. 2004).

2008) (treating the defendants' motion as conceded because of plaintiff's failure to file *any* opposition).

Pursuant to Local Civil Rule 7(b), UST's opposition to the defendants' motion to dismiss was due on January 31, 2013.[2] In the interest of justice, and given that the withdrawal of UST's local counsel precipitated the small number of days that passed after the deadline, the Court will not exercise its discretion to treat the motion to dismiss as conceded. The defendants' motion will be denied.

### B. Motion for Extension of Time to File Amended Complaint

Federal Rule of Civil Procedure 6(b)(1) states that "the Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of he period originally prescribed or as extended by previous order." Furthermore, a plaintiff may amend the complaint up to 21 days after service of a motion under 12(b). Fed.R.Civ.P. 15(b). While the court has sole discretion to grant or deny leave to amend, absent a sufficient reason to deny an amendment request, leave to amend should be freely given. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The underlying rationale behind the rule is that if the underlying circumstances should be cause for relief than the plaintiff should be able to test his claim on the merits. *Id.* at 182. This rationale advances the purpose of the Federal Rules "to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

UST moved on February 5, 2013 for an extension of time, or in the alternative, to proceed without local counsel. Pl.'s Mot. Exten. Time or Alt. Proceed without Local Counsel, ECF No. 14. Given that the Court has sole discretion in granting extensions of time and that

---

[2] Local Rule 7(b) states that an opposition must be filed within 14 days of a motion. The defendants filed their motion electronically, providing UST with an additional three days to respond to the motion. Fed. R. Civ. P. 6(d); LCvR 5.4(b)(6).

leave to amend complaints should be given freely, the Court shall GRANT the motion for an extension of time of 60 days *nunc pro tunc* and will treat the amended complaint as timely filed.

Given that UST now has local counsel (Notice of Appearance, ECF No. 17), the motion in the alternative to proceed without local counsel will be denied as moot.

### C.     Denial of Motion to Strike Amended Complaint

Rule 12(f) permits the Court to strike any redundant, immaterial, impertinent, or scandalous pleading to avoid wasting time or effort on spurious or improperly presented matters by all parties. Fed.R.Civ.P 12(f); *Unique Indus. V. 965207 Alberta Ltd.*, 722 F. Supp. 2d 1, 5 (D.D.C. 2009). The decision to grant or deny a motion to strike is vested in the Court's discretion. *Nwachukw v. Rooney*, 362 F. Supp. 2d 183, 189 (D.D.C. 2005).

On April 8, 2013, UST filed a First Amended Complaint and on April 9, 2013, the defendants filed a motion to strike the First Amended Complaint. Am. Compl.; Mot. Strike Am. Compl. The decision to deny a motion to strike rests entirely in the Court's discretion. The Court's discretion is guided by the aforementioned purpose of the Federal Rules to facilitate decisions on the merits of cases. *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Therefore, the Court will deny the defendants' motion to strike the First Amended Complaint.

### D.     Denial of Motion to Dismiss Original Complaint

The plaintiff's amended complaint is now the operative complaint due to its superseding nature. *Washer v. Bullit County,* 110 U.S. 558, 562 (1884); *Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003). There remains, however, the defendant's motion to dismiss. Because that motion pertains to the original and now-superceded complaint, the Court denies it without prejudice. *See Bancroft*, 214 F.R.D. at 13. If so desired, the defendants may file a motion to

dismiss the amended complaint. The defendants' Motion to Dismiss the original complaint will be denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court denies the defendants' motion to treat the motion to dismiss as conceded. It grants the plaintiff's motion for an extension of time to file an amended complaint *nunc pro tunc* and denies the motion in the alternative to proceed without local counsel as moot. Further, the Court denies the defendants' motion to strike the amended complaint. Finally, the Court denies without prejudice the defendants' motion to dismiss.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, U.S. District Judge, on August 16, 2013.