UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES TELESIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEIL S. ENDE, et al., <br><br> Defendants. | Civ. Act. No. 13-cv-00015 (RCL) |

## MEMORANDUM OPINION

Plaintiff United States Telesis, Inc. ("UST") seeks damages for alleged legal malpractice, negligence, and breach of fiduciary duty by Neil S. Ende and his law firm Technology Law Group LLC ("TLG") arising out of TLG's representation of plaintiff in a 2005 breach of contract case in the United States District Court for the Western District of New York ("WDNY"). UST alleged that TLG failed to take reasonable steps to avoid reasonably foreseeable risks in the litigation of the underlying case, that TLG was negligent in representing UST, and that TLG breached its fiduciary duties owed to UST. Defendants seek dismissal of plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Upon consideration of the filings and the relevant law, defendants' Motion to Dismiss Plaintiff's First Amended Complaint will be granted.

I. BACKGROUND

On November 30, 2012, UST filed a Complaint in the Superior Court of the District of Columbia. The Complaint alleged three causes of action against defendants Ende and TLG, including legal malpractice, negligence, and breach of fiduciary duty for which is seeks $10,000,000 in damages. On January 7, 2013, the case was removed to this Court on diversity

1

jurisdiction grounds. Notice of Removal, ECF No. 1. Ende and TLG moved to dismiss the Complaint for the first time on January 14, 2013. Defs.' Mot. to Dismiss, ECF No. 4. UST filed an amended complaint on April 8, 2013, and defendants moved to strike the First Amended Complaint on April 9, 2013. First Am. Compl., ECF. No. 20; Mot. to Strike Am. Compl., ECF No. 21. On August 16, 2013, this Court denied the initial Motion to Dismiss and Motion to Strike without prejudice. Order, ECF No. 26. Defendants again moved to dismiss UST's First Amended Complaint on August 30, 2013. Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 28. UST filed its Opposition to the Motion to Dismiss on September 16, 2013. Mem. in Opp'n to Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 29. Defendants filed their Reply to the Opposition on September 26, 2013. Defs.' Reply Mem. of P. & A. in Supp. of Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 30.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss is appropriate when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Failure to state a claim occurs when a complaint is so factually deficient that the plaintiff's claim for relief is not plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though facts of a complaint need not be detailed, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all factual statements alleged in the Complaint as true when deciding a Rule 12(b)(6) motion to dismiss. *Id.* However, conclusory legal allegations devoid of any factual support do not enjoy the same presumption of truth. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A

complaint that tenders "naked assertions" devoid of "further factual enhancement" will not suffice. *Id.* at 557; *Ashcroft*, 556 U.S. at 678.

In addition to the factual statements alleged in the Complaint, a court may take judicial notice of facts on the public record. *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005). In particular, this Court may consider the undisputed facts and the underlying case record from the WDNY. *Veg-Mix, Inc. v. U.S. Dept. of Agric.*, 832 F.2d 601, 607 (D.C. Cir. 1987) ("[I]t is settled law that the court may take judicial notice of other cases including the same subject matter or questions of a related nature between the same parties.") (internal citations omitted).

## III. ANALYSIS

To plead a cause of action for legal malpractice, UST must have pleaded that it would have fared better in the underlying case had TLG and Ende acted appropriately. Even assuming that TLG and Ende acted negligently and breached their fiduciary duty to UST, the First Amended Complaint does not allege sufficiently that UST would have achieved a different result in the underlying case. Instead, the injury alleged by UST, preclusion of its damage claims in the underlying case and the costs associated with those claims, appears to be due to a liability limitations clause in the Carrier Services Agreement at issue in the underlying case.

To properly make out a claim for legal malpractice, UST must plead that "1) there is an attorney-client relationship; 2) the attorney neglected a reasonable duty; and 3) the attorney's negligence resulted in and was the proximate cause of a loss to the client." *Mawalla v. Hoffman*, 569 F. Supp. 2d 253, 256 (D.D.C. 2008) (citing *Chase v. Gilbert*, 499 A.2d 1203, 1211–12 (D.C. 1985). UST's claims for negligence and breach of fiduciary duty are evaluated similarly because they are governed by the same standard of care. *O'Neil v. Bergan*, 452 A.2d 337, 343 (D.C.

1982) ("Whether a complaint is based on tort or breach of contract . . . , the liability of an attorney for failure to properly perform his duties is governed by the same general standard of care.") (internal citations omitted). If UST's legal malpractice claim is not pleaded sufficiently, its negligence and breach of fiduciary claims, to the extent that they rely on the same standard of care, fail as well. "In a professional malpractice case, additional claims which are based on the underlying malpractice claim cannot survive if the professional malpractice claim fails." *Mawalla*, 569 F. Supp. 2d at 257 (citing *Macktal v. Garde*, 111 F. Supp. 2d 18, 23 (D.D.C. 2000)).

Defendants dispute whether UST sufficiently pleaded the element of causation in the First Amended Complaint. A plaintiff in a malpractice suit must "demonstrate that the defendant's actions caused a legally cognizable injury." *Bigelow v. Knight*, 737 F. Supp. 669, 671 (D.D.C. 1990) (citing *Becker v. Colonial Parking, Inc.*, 409 F.2d 1130, 1136–37 (D.C. Cir. 1969)). "When an attorney is accused of negligence in the conduct of litigation, that attorney is not liable for negligence if, notwithstanding the negligence, the client had no cause of action or meritorious defense." *Mawalla*, 569 F. Supp. 2d at 256 (citing *Macktal*, 111 F. Supp. 2d at 21). To be successful, UST must have pleaded two cases: one alleging that TLG performed its representation negligently and a second "case within a case" alleging that UST had a meritorious claim that it lost due to TLG's negligence. "Only by making out both cases can a plaintiff demonstrate a 'causal relationship, or proximate cause, between the violation and the harm complained of . . . .'" *Jacobsen v. Oliver*, 451 F. Supp. 2d 181, 187 (D.D.C. 2006) (quoting *Smith v. Haden*, 872 F. Supp. 1040, 1053 (D.D.C. 1994)).

UST has not sufficiently pleaded that defendants' conduct caused it to lose its damage claims in the underlying case. Despite UST's allegations regarding defendants' wrongful

4

conduct, it does not plausibly allege that it could have prevailed on its damage claims had the defendants acted differently. The WDNY excluded UST's damage claims because the Carrier Services Agreement at issue in the underlying case foreclosed recovery of consequential damages. The Carrier Services Agreement stated that "[i]n no event shall either Party be liable to the other Party for incidental and consequential damages, loss of goodwill, anticipated profit, or other claims for indirect damages in any manner related to this Agreement of the Services." Carrier Services Agreement § 7.3. The WDNY noted that, absent a showing of gross negligence, "a limitation of liability clause is a binding and enforceable provision of a contract." *Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, No. 05-cv-6734T, 2012 WL 4509877, *2 (W.D.N.Y. Sept. 28, 2012). UST, however, "failed to sufficiently allege or show that Global Crossing committed gross negligence in connection with its contractual relationship with [UST]." *Id.* at *5. The WDNY concluded that the limitation of liability clause in the Carrier Services Agreement was valid and fully enforceable and UST was precluded from offering evidence of its damage claims. *Id.* Thus, the Carrier Services Agreement, and not defendants' actions, prevented UST from prevailing on its damage claims in the underlying case.

We need not reach defendants' other grounds for dismissal because the First Amended Complaint failed to plead adequately that defendants' conduct caused UST to suffer loss in the underlying case.

## IV. CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss Plaintiff's First Amended Complaint will be granted. A separate Order accompanies this Memorandum Opinion.

Signed Royce C. Lamberth, United States District Judge, on August 15, 2014.